[Civ. No. 1650.   Second Appellate District.—November 27, 1916.]

J. R. BURNS, Appellant, v. W. A. HAMMEL, Sheriff, etc.,
Respondent.

CONVERSION—SALE OF AUTOMOBILE UNDER EXECUTION—OWNERSHIP OF
    MACHINE—SUPPORT OF FINDING.—In an action brought by a third-
    party claimant against a sheriff to recover as damages the value of
    an automobile seized and sold under a writ of execution issued in
    an action brought against the plaintiff's vendor, a finding that the
    vendor, and not his wife, was the owner of the property is suffi-.
    ciently supported by evidence that such vendor purchased the
    machine in his own name under the designation "trustee," and that
    ˙ he had at all times the possession and control thereof, and that no
    change in the possession was ever had until its seizure under exe-
    cution.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   John W. Shenk, Judge.

The facts are stated in the opinion of the court.

Shepard & Alm, for Appellant.

Kemp, Mitchell & Silberberg, for Respondent.

JAMES, J.—Plaintiff sued the defendant, who was at the
time the sheriff of Los Angeles County, to recover as damages
the sum of $1,950, alleged to have been the value of a certain
automobile taken and sold by the sheriff under a writ of exe-
cution in a suit of one *Garstang* v. *Guy Posson*.   The findings
and judgment were in favor of the defendant and against the
plaintiff, the latter being a third-party claimant.   The appeal
is from the judgment and is presented under the alternative
method.

From the findings of fact it appears that on the first day
of October, 1912, Guy Posson became a debtor of Garstang,
and in December of the same year suit was brought by Gar-
stang and judgment recovered therein for the sum of $450,
with costs against Posson; that execution was thereafter is-
sued and a sale made of the automobile for the benefit of the
judgment creditor, by which act the plaintiff here asserts
a conversion was worked of his property.   There is really but

one question in the case for this court to determine, and that
is as to whether under the evidence submitted the court was
justified in the making of the finding that Posson was the
owner of the automobile and that the plaintiff Burns acquired
no title as against the judgment creditor.  On the part of
the appellant it is contended that the evidence showed without
contradiction that Posson never owned the automobile; that
he purchased it for his wife with funds belonging to her, and
that his use of the machine was not a use coupled with owner-
ship, but in part was for the benefit of his wife and with her
permission.  It appears without any dispute whatsoever that
Posson at all times, with an exception which will be imme-
diately noted, had possession of the automobile and used it
in his business, and that he had such possession at the time
the execution herein was levied.  There was a brief time when
he loaned the machine to one Hedge, who was a close friend
and to whom he was indebted for money loaned.  Posson
purchased the automobile under a contract in which he, as
the vendee, was described as "Guy Posson, Trustee"; he gave
checks in payment of the price of the machine signed with the
same name and designation.  He testified that he bought the
machine for "another party."  When asked who that party
was he said that it was his wife.  When asked where he got
the funds with which to pay for the automobile, he said: "I
got it from Mrs. Posson and some funds that were in the bank
that were to that name."  He later said that some of that
money had been secured from an old friend named Lewis, who
sent the money "to Mrs. Posson" from Portland.  In ex-
planation of the circumstances as to how this money happened
to be sent, he said: "I had had a stroke of paralysis and
had been sick more or less for a year and a half, and Mr. Lewis
was an old friend of the family who had been here.  I had
befriended him and loaned him a good many thousands of
dollars many times; he was down here and saw our condition
and he advanced this money and Mr. Moore and Mrs. Posson,
and it was put in the bank subject to her check and subject
to my check as trustee, in order to work when I could work,
do what I could.  So, thinking we would be able to earn some
money through the machine, letting her son drive it, we
bought the machine, directed me to buy it."  He added in
his further testimony that the money sent by Lewis was a loan
to Mrs. Posson; that it amounted in all to about two thousand

five hundred dollars. It appeared by his testimony that he later borrowed five thousand dollars of Hedge and gave Hedge a bill of sale of the machine as security; signing the bill of sale, "Guy Posson, Trustee." The note, however, which he gave to Hedge was signed simply "Guy Posson." Posson produced also what purported to be a bill of sale executed by himself as trustee to his wife, and another bill of sale executed by the wife to her daughter, covering the same machine. Prior to the 21st of November, 1913, the plaintiff here, who resided at Colton in this state, loaned certain collateral to Guy Posson for the latter's use; this loan of securities was made purely as a matter of personal accommodation to Guy Posson, and was made without any security delivered at that time. Burns testified that he had no knowledge that any security was to be given him until some time in November—by other testimony it appeared at about the 21st of that month—when Guy Posson came to Colton and delivered to him an assignment of the bill of sale theretofore delivered to Hedge, and covering the automobile in question. This act of Posson, according to undisputed testimony, was a voluntary one, and without any further consideration extended by Burns to him. This, in brief, is the substance of the material testimony given at the trial, although there was other evidence as to circumstances surrounding the transactions of Posson with respect to the automobile and his handling of the machine, as well as testimony impeaching the character of Posson for truth and veracity. Posson did not produce at the trial his wife or daughter, and all of the testimony given with respect to the wife's ownership of the machine was that furnished by the husband alone. The fact that Posson purchased the machine under the designation of "trustee" is of no weight at all, for the reason that, even though his creditor had been given notice thereof, there was nothing in the form which the transaction took to indicate that any other person than Posson was the owner and real purchaser. (See *Thompson* v. *Toland*, 48 Cal. 99.) The court had the right to consider all of the circumstances of the case which on their face bore indications of fraud or concealment practiced by Posson. Posson's testimony as to the securing of money from Lewis did not negative a rather clear inference that Lewis, assuming that he loaned money to the Possons, loaned it to them for their community use. The direct suggestion is that the money

was called a loan to Mrs. Posson because Posson was threatened with paralysis, and preferred to have the money placed so that the control of it might be assumed by his wife in the event of his demise. He at all times assumed complete control of the automobile, not parting with the possession of it except, as has been noted, for the brief time when the machine was used by Hedge. We think that the evidence was amply sufficient to sustain the finding made by the trial judge that the property was in fact that of Guy Posson—or that it was community property, which would be the same thing for the purposes of this case. As it appears no change of the possession of the machine was had, but that Posson continued to manage and use it as he had at all times theretofore, such transfer as to his creditor Garstang would not be good. (Civ. Code, sec. 3440.)

The judgment appears to be sustained by the evidence, and it is therefore affirmed.

Conrey, P. J., and Shaw, J., concurred.